*Ex parte* EUGENE WILLIAMS.

No. A-2116.    Opinion Filed December 1, 1913.

(136 Pac. 597.)

**EXTRADITION** — "Fugitive from Justice" — Revocation of Parole.
   (a)   To be a fugitive from justice under the laws of the United States, it is not necessary that the person charged with having left the state in which the crime was alleged to have been committed should have done so for the purpose of avoiding prosecution anticipated or begun, but simply that, having committed a crime within the state, he leaves such state, and, when he is sought to be subjected to its criminal process to answer for his offense, he is found within the territory of another state.
   (b)   A convicted prisoner, who has a parole, and who goes into another state, is a fugitive from justice within the provis-

ions of the United States Constitution and laws, and as such is subject to extradition if his parole is revoked.

(c) The legality of the revocation of a parole in the state of Indiana is a question for the courts of Indiana, for they alone have the right to construe the Constitution and laws of that state.

(d) Whenever the action of the Governor of Oklahoma in any matter is authorized by law, and comes before the court for review, it is our duty to sustain the Governor, and we take great pleasure in doing so.

Petition for writ of *habeas corpus* by Eugene Williams. Denied.

It appears from the record in this cause that the petitioner, Eugene Williams, was legally charged by indictment, and was tried and convicted for the crime of grand larceny in the circuit court of Vanderburgh county, in the state of Indiana, on the 12th day of July, 1909, and was sentenced to imprisonment in the penitentiary of Indiana from one year to fourteen years; that before the expiration of said sentence petitioner was paroled by the board of commissioners of the Indiana state prison, and removed from the state of Indiana to the state of Oklahoma; that on the 1st day of December, 1912, petitioner was declared a delinquent, and his parole was revoked. On this state of facts the Governor of Indiana presented requisition papers for the said Eugene Williams to the Governor of Oklahoma, which were honored by the Governor of this state, and his warrant issued for the arrest of petitioner, to be returned to the state of Indiana, as requested by the Governor of that state.

*J. G. Harley,* for petitioner.

*Munden & Staley,* for State of Indiana.

FURMAN, J. (after stating the facts as above). When this matter was presented to the Governor of Oklahoma, he properly referred it to the Attorney General for legal advice. The Attorney General advised the Governor that, to be a fugitive from justice under the act of Congress, it is not necessary that the person charged with having left the state in which the crime was alleged to have been committed did so for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed a crime against the laws, he leaves such state,

and, when he is sought to be subjected to its criminal process to answer for his offense, he is found within the territory of another state. In support of this proposition, the Attorney General cited the following authorities: *Ex parte Dickson,* 4 Ind. T. 481, 69 S. W. 943; *Op. Gov. Fairfield* (Me.), 24 Am. Jur. 226; *State v. Richter,* 37 Minn. 436, 35 N. W. 9; *In re Voorhees,* 32 N. J. Law, 141; *People v. Pinkerton,* 17 Hun (N. Y.) 199; *Johnson v. Ammons* (Ohio) 7 Am. Law Rec. 662; *Hibler v. State,* 43 Tex. 197; *Roberts v. Reilly,* 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; *In re Bruce* (C. C.) 132 Fed. 390; *In re Bloch* (D. C.) 87 Fed. 981; *In re White,* 55 Fed. 54, 5 C. C. A. 29; *Ex parte Brown* (D. C.) 28 Fed. 653.

We are of the opinion that the advice of the Attorney General to the Governor states the law correctly. In further support of this proposition, we desire to cite the case of *Drinkall v. Spiegel,* 68 Conn. 441, 36 Atl. 830, 36 L. R. A. 486. In that case the Supreme Court of Connecticut held that a prisoner who violates a parole, and goes into another state, is a fugitive from justice within the provisions of the United States Constitution and laws, and that such person is subject to extradition.

There is but one question in this case, and that is the legality of the revocation of the parole of petitioner; but this is a question for the courts of Indiana, for they alone have the right to construe their Constitution and laws. When the Governor's action in any matter is authorized by law, it is our duty to sustain such action, and we take great pleasure in doing so. We find that the Governor's action in this case is entirely proper, and within the law, and it is therefore upheld and sustained, and the writ is denied, and any officer of the state of Oklahoma who may now have petitioner in his custody is directed to surrender him to the duly authorized representative of the state of Indiana, in obedience to the Governor's warrant issued in this proceeding. It is further ordered that the extradition papers may be withdrawn from the files by the attorneys representing the state of Indiana.

Mandate will issue without delay.

ARMSTRONG, P. J., and DOYLE, J., concur.