### Ex parte J. A. OWENS.

No. A-4432. Opinion Filed April 19, 1926.
(245 Pac. 68.)

H. J. Mackey, for petitioner.

The Attorney General, for respondent.

DOYLE, J. Petition for writ of habeas corpus by J. A. Owens, who, having been arrested by Ben Dancy, sheriff of Oklahoma county, is held under a warrant issued by the Governor for his return to the state of Texas,

upon a requisition from the Governor of that state, alleging that he is a fugitive from justice. The charge is the theft of a ring of the value of over $50, the property of Adrian Skinner. There was no hearing had before the Governor of this state.

It is averred that before the issuance of such warrant petitioner presented his protest against the issuance of the same, and denied that he was a fugitive from justice of the state of Texas, and protested that the application for said warrant was not made in good faith for the purpose and with the intent of punishing him for any crime by him committed, but for the purpose of injuring him in his reputation and property.

On the return of the writ, a hearing was had, and the proof shows that petitioner had been engaged in the business of selling storage batteries in Dallas, Tex.; that October 1, 1921, Adrian Skinner purchased an interest in petitioner's business and in part payment for the same, gave petitioner a diamond ring, subject to a lien of $265, as security for which said ring was held in pawn; that petitioner paid off and discharged said lien and became and has been at all times the legal owner of said ring; that on June 7, 1922, petitioner sold his business in Dallas to one A. H. Hardin, and returned to Oklahoma City, of which place he had for several years been a resident; that later said Hardin contracted and agreed with said Adrian Skinner that, if he would appear before a magistrate and swear that petitioner had stolen said ring from him, he would pay all expenses incurred by said Skinner in so doing, and that, if to avoid prosecution petitioner would surrender said ring, then said Skinner should have the same.

The proof further shows that a complaint charging petitioner with the theft of said ring was filed before a magistrate at Dallas, Tex., and a warrant issued for the

arrest of petitioner; that the said Hardin sent the warrant by mail to the police department of Oklahoma City, with a letter of instruction accompanying the same, directing the police department to advise petitioner of their possession of said warrant and to demand the surrender of said ring or submit to arrest under such warrant, and to further advise him if he would surrender said ring he would not be prosecuted on account thereof; that petitioner refused to surrender said ring, and thereafter the said Hardin and the said Skinner procured an indictment against petitioner. The evidence in support of the averments of the petition is undisputed.

In every extradition case the question of good faith of the prosecution is always open to inquiry on habeas corpus. It never was intended that the act of Congress (Comp. St. § 10126), passed to effectuate the extradition clause of the federal Constitution (art. 4 § 2), should be used to set in motion the machinery of the executive department of two states at the instance of a private person, to enable such person to gratify his malice or to aid him in the enforcement of the collection of a debt. On the undisputed facts we are convinced that this prosecution was instituted to aid in enforcing the collection of a disputed debt.

The writ of habeas corpus is therefore allowed, and the petitioner discharged.

MATSON, P. J., and BESSEY, J., concur.