## Ex parte LYMON FORD.

No. A-7708. Opinion Filed Feb. 28, 1930.
(287 Pac. 1057.)

Hulsey & Hulsey and W. N. Redwine, for petitioner.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. The petitioner alleges that he is illegally restrained of his liberty in the state penitentiary at McAlester; that in 1922 he was convicted in Ottawa county and sentenced for a term of eleven years for the crime of robbery and was incarcerated in the penitentiary; that thereafter certain officers in the state of Kansas made application to the Governor of this state for a release for petitioner, to be taken to Kansas. The governor thereupon

issued a parole, attested by and filed with the Secretary of State, containing among others the following conditions:

"*Conditional Parole and Order of Transfer to the Authorities of Riley County, State of Kansas.* * * * Whereas, it is now made to appear from a letter from the Hon. Ben. S. Paulen, Governor of the state of Kansas, that the public interest may best be served by releasing the said Lymon Ford, No. 12033, from the Oklahoma State Penitentiary at McAlester, Oklahoma, and the transferring of said Lymon Ford into the custody of the state of Kansas. * * *

"Now, therefore, I, M. E. Trapp, Governor of the state of Oklahoma, by the power and authority vested in me by the Constitution and laws of the state of Oklahoma, do hereby grant unto the said Lymon Ford, a constitutional parole from said imprisonment, and do hereby direct said Lymon Ford to report to the honorable Walter Gage, county attorney of Riley County, Kansas, not less than ten days after this order shall have been signed and in effect.

"Provided, the said conditional parole and order of transfer is issued upon the following terms and conditions to wit:

"First: That the said Lymon Ford shall report in writing to the warden of the Oklahoma state penitentiary at McAlester, Oklahoma, once each month, unless otherwise ordered by the Governor of the state of Oklahoma, such reports to disclose the whereabouts of the said Lymon Ford, his post office address and the character of his occupation.

"Second: That the said Lymon Ford shall abstain from the use or handling of intoxicating liquors in any form; that he shall faithfully and industriously follow some useful and lawful occupation; that he shall avoid all evil associations, obey the laws, and in all ways conduct himself as an upright citizen.

"Third: It is expressly understood by the said Lymon Ford that the Governor may revoke this conditional parole for violation of any one or more of the conditions hereof; or for any other cause by him deemed sufficient.

"Fourth: That in the event this conditional parole shall be revoked at any time, and the said Lymon Ford shall be out of the state of Oklahoma at the time of revocation of same, he waives all the rights and privileges allowed him under the Constitution and laws of the United States, or the laws of any foreign state, and expressly agrees to return to the state of Oklahoma without the aid of requisition. * * *

"I, Lymon Ford, hereby declare that I have carefully read and do fully understand the contents and conditions of the above parole agreement and hereby accept the same and pledge myself honestly to comply with the said terms.

"Dated at Oklahoma City on this the..............day of ...............1925.

"Lymon Ford."

Petitioner was then delivered to the officers from Kansas and went to that state. Thereafter his parole was revoked, and he was apprehended in Texas and returned here and again imprisoned.

Petitioner asserts that the instrument signed by the Governor and above quoted in part is a pardon and operates as a full discharge of the remainder of the term for which petitioner was sentenced, citing In re Whittington, 34 Cal. App. 344, 167 Pac. 404; In re Hess, 5 Kan. App. 763, 48 Pac. 596; State v. Saunders, 288 Mo. 640, 232 S. W. 973; Ex parte Guy, 41 Okla. Cr. 1, 269 Pac. 782.

The state insists that the instrument is a parole, and, it having been revoked by the Governor, that petitioner is lawfully incarcerated to serve the remainder of his term. If the instrument is a pardon, petitioner is entitled to be

discharged. If it is a conditional pardon and the conditions have been performed and the instrument absolute, he is entitled to be discharged. If it is a parole, then the Governor had authority to revoke it, and when revoked, petitioner had the status of a convict at liberty and his apprehension and incarceration is legal. The chief executive of this state is vested by the Constitution with power to grant pardons and paroles. An unconditional pardon in legal contemplation wipes out the offense itself and the guilt of the offender. A conditional pardon has a like effect when the conditions have been performed. A parole is a release of a convict upon certain conditions to be observed by or performed by him and a suspension of his sentence during the liberty thus granted. Ex parte Tom Collins, 32 Okla. Cr. 6, 239 Pac. 693, and authorities cited. The conditions which an executive may attach to a conditional pardon or to a parole must be such as are not illegal, immoral, nor incapable of being performed. The record in this case does not disclose the circumstances leading to the release of petitioner by this instrument nor the subsequent acts or conduct of petitioner. Aside from the record, counsel in presenting the matter to this court suggested that petitioner was understood to have information which would be valuable to the authorities of Kansas, and that on the agreement that this information would be made available to them the instrument was executed and petitioner delivered to them with his consent. What transpired thereafter was not stated. We see no reason why, for the purpose of assisting in the administration of the law, a convict in one state, with his consent and agreement, might not be paroled and be taken into another state as was done in this case. If he were taken by force or against his consent or by extradition, a different question would be presented. The instrument here involved is entirely different to that under consideration in the

case of Ex parte Guy, 41 Okla. Cr. 1, 269 Pac. 782, and is also different from that in Ex parte Youstler, 40 Okla. Cr. 273, 268 Pac. 323. The only thing that distinguishes the instrument here from the ordinary parole is the condition that the petitioner shall go with and report to the authorities of the state of Kansas. Petitioner consented to do this, and so far as we are advised or any contention is made that condition was fully performed. Ex parte Hamilton, 41 Okla. Cr. 322, 273 Pac. 286.

Upon a careful consideration of the contentions made and the instrument involved, we are fully convinced that this instrument is a parole, and when revoked petitioner might legally be again imprisoned to serve the remainder of his sentence.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.