### Ex parte LOGAN WELBORN.

No. A-9835.   May 2, 1940.
(102 P. 2d 624.)

John J. Carney, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen and Peyton Ford, Asst. Attys. Gen., for respondent.

JONES, J. This petition for a writ of habeas corpus was filed by Logan Welborn who had been arrested by George Goff, sheriff of Oklahoma county, and is held in the county jail of Oklahoma county under a warrant issued by the Governor for his return to the state of Texas upon a requisition from the Governor of that state, alleging that he is a fugitive from justice. The charge is the embezzlement of approximately $940 from one Laura Lee Barnes.

In the petition herein it is claimed that the petitioner is not a fugitive from justice, and that the indictment pending against him in that state is not in good faith for the purpose and with the intent of punishing him for any crime by him committed, but for the sole purpose of attempting to force him to make a payment of money he had borrowed from the complainant.

A hearing was had before this court, and the proof shows that the complainant is a widow who resides in Beaumont, Texas; that about October 1, 1939, the petitioner moved into a house owned by the plaintiff; that the petitioner had been buying furs for several years and represented to the complainant that a good profit could be made buying and selling furs in Texas; that at the suggestion of the petitioner the complainant Barnes advanced $940 for the petitioner to use in buying furs, with the understanding that she was to receive back the money

that she had advanced and a percentage of the net profits. Welborn purchased a large quantity of furs and had them stored in Beaumont. About February 17, 1940, a sale of these furs was made. That Welborn advised the complainant Barnes that he would come by and pay her the money the afternoon of the date of the sale. That after the sale of the furs was made, the petitioner left Beaumont and was not seen by the complainant after that date. He did not communicate with the prosecutrix or tell her where he was going. An indictment was filed charging three counts, to wit: embezzlement, larceny by fraud, and larceny by bailee. The defendant was located in Oklahoma City, arrested upon demand of the state of Texas, and these proceedings followed.

The petitioner testified before this court and was cross-examined by the prosecuting attorney of Jefferson county, Tex. His story concerning the transactions with Mrs. Barnes was contradictory to the statements he had given to the attorney for the Governor in the hearing before the Governor.

An affidavit from the complainant Barnes setting forth the facts and circumstances of her transactions with the petitioner was introduced in evidence and shows that the prosecution is in good faith. This court allows the use of affidavits in habeas corpus proceedings where the complaining witness or other witnesses are in foreign jurisdictions and not available to appear personally before the court to testify.

The Supreme Court of the United States and the courts of last resort of a majority of the states hold that on the hearing of a habeas corpus sued out for the liberation of one who is sought to be extradited for the violation of the criminal laws of another state, upon a warrant of the Governor, issued upon a requisition of the

demanding state, it is not admissible to hear evidence upon, or to inquire into, the motives or purpose of the prosecution. These authorities are all annotated and discussed at length in 94 A.L.R. 1496.

This court has followed the minority rule that in every extradition case the question of good faith of the prosecution is always open to inquiry on habeas corpus. See Ex parte Owens, 34 Okla. Cr. 128, 245 P. 68; Ex parte Maddox, 55 Okla. Cr. 114, 25 P. 2d 1111; Ex parte Johnson, 29 Okla. Cr. 41, 232 P. 452.

However, even though this court follows the minority rule, still in a habeas corpus hearing before us to secure the liberty of a person charged with an offense in a sister state, the petitioner must introduce facts which are clear, convincing, and without doubt that the prosecution in the demanding state is in bad faith. In this instance the petitioner has wholly failed to sustain this burden.

The writ of habeas corpus is therefore denied, and petitioner is remanded to the custody of the agent of the Governor of the state of Texas for transportation to the state of Texas in pursuance to the warrant heretofore issued.

DOYLE, P. J., and BAREFOOT, J., concur.