Ex parte HUGH G. (BUD) BURNETT.

No. A-10461.  Dec. 15, 1943.

(144 P. 2d 126.)

94

Sid White, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. The petitioner, Hugh G. (Bud) Burnett, filed this original proceeding in habeas corpus to secure his release from confinement in the Oklahoma county jail.

The Attorney General filed a response alleging that the petitioner had been arrested pursuant to a telegraphic warrant of arrest from the State of California, and further alleging that the Governor of the State of Oklahoma, acting upon requisition of the Governor of the State of California, had issued an extradition warrant for the said petitioner and directing the sheriff of Oklahoma county to deliver the petitioner to one George Anderson, the

agent of the State of California, for transportation back to California. The documents upon which the extradition warrant was based were attached to the response.

Upon the hearing the following facts were developed: On December 29, 1936, the petitioner was convicted by a jury in San Bernardino, Cal., of the crime of assault with a deadly weapon. He was committed to the penitentiary on January 9, 1937. Subsequently the Board of Prison Terms and Paroles, pursuant to the California law, fixed the term of the sentence of petitioner at ten years' imprisonment; the petitioner to be eligible for a parole after he had served three years. Thereafter said board released the petitioner, Burnett, on parole on July 2, 1941, permitting him to go to Lawton, Okla., where he had an offer of employment. Under the terms of the parole, among other conditions, the petitioner was required to make periodic reports to the California parole officer. His employer, likewise, was required to make a similar report of the activities of the parolee.

The petitioner was arrested for the crime of grand larceny committed in Pottawatomie county, Okla., was convicted, and on February 16, 1942, was committed to the Oklahoma State Penitentiary at McAlester. On November 16, 1943, the petitioner was released from imprisonment in the penitentiary, having satisfactorily completed the service of his term of imprisonment. He was immediately taken into custody by the Oklahoma officers, pursuant to the request of the California authorities.

Petitioner contends that since he came to the State of Oklahoma under the mandatory requirements of his parole, it constituted a leave of the State of California with the consent of the proper authorities, and for that reason he is not a fugitive from justice. Petitioner asks

that we draw a distinction between executive clemency issued by a Governor and that issued by a parole board such as exists in California. It is insisted that the acts of the latter are judicial in their nature.

From the record before us it appears that the requisition issued by the Governor of the demanding state and the documents thereunto attached and certified to by him were properly authenticated, as was also the extradition warrant issued by the Governor of this state.

The United States Constitution, article 4, § 1, provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Article 4, § 2, cl. 2, provides:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the state having Jurisdiction of the Crime."

18 U. S. C. A. § 662 sets forth the procedure relating to extradition proceedings.

An almost identical situation was involved in the case of Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37, 38. In that case the petitioner, being confined in the state penitentiary of Illinois, was paroled to the custody of a resident of Oklahoma City, Okla. Later the parole was revoked and petitioner was arrested in Oklahoma pursuant to a requisition by the Governor of Illinois. He presented substantially the identical question which is presented in

the instant case. In disposing of that case, the following rules of law were established:

"When a prosecution is initiated and pursued to judgment of conviction, accused before expiration of his sentence is still 'charged' within the meaning of the provisions of the United States Constitution and laws relating to extradition.

"In extradition the legality of the revocation of a parole of the prisoner is a question for the courts of the demanding state.

"A paroled convict who came to Oklahoma, having been paroled to the custody of a citizen of this state by the authorities of state granting the parole, held extraditable as a 'fugitive from justice' within United States constitutional provisions and laws relating to fugitives from justice, after parole was revoked by Governor of demanding state."

See, also, Ex parte Williams, 10 Okla. Cr. 344, 136 P. 597, 51 L. R. A., N. S. 668; Ex parte Hamilton, 41 Okla. Cr. 322, 273 P. 286.

In Ex parte Williams, supra, it is stated:

"The legality of the revocation of a parole in the state of Indiana is a question for the courts of Indiana, for they alone have the right to construe the Constitution and laws of that state."

It is apparent, therefore, under the status of petitioner and in consideration of the above Oklahoma cases and many other authorities cited in said decisions from other jurisdictions, that petitioner at the present time is a fugitive from justice, even though his entry into the State of Oklahoma was pursuant to the mandatory provisions of his parole. We think the validity and effect of a parole and later revocation thereof by the Board of Prison Terms and Paroles of California should properly be left to the courts of that state for adjudication.

The application for writ of habeas corpus is therefore denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.