## Ex parte IRA CLARK.

No. A-10490. Oct. 11, 1944.

(152 P. 2d 389.)

Kirksey M. Nix, of Eufaula, for petitioner.

Randell S. Cobb, Atty. Gen., and J. Walker Field,

Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, Ira Clark, is now confined in the State Penitentiary at McAlester.

The undisputed facts are that petitioner was convicted in the district court of Wagoner county on March 19, 1919, of the crime of murder, and was sentenced to confinement in the State Penitentiary at McAlester for life. On August 27, 1931, he was granted a parole by the Governor. In 1934 he was arrested in this state for a crime committed in the State of Kansas, and an extradition was granted by this state, and petitioner was taken to the State of Kansas and convicted of the crime of burglary in the second degree, and sentenced to serve a term of three years in the penitentiary of that state. His parole was thereafter revoked by the Governor of Oklahoma, and at the time of his discharge from the Kansas penitentiary, he was returned to this state, and is now confined in the penitentiary, to serve the balance of his term.

The petition for release by habeas corpus is based upon the contention that "at the time the Governor ordered the delivery of said petitioner to the State of Kansas, and turned said petitioner over to the Kansas authorities, the said Governor in a legal respect agreed with the Kansas officers to release and relinquish all claims upon your petitioner to serve the balance of his sentence in the State Penitentiary, and said extradition would serve as a full and complete pardon of petitioner's judgment in this state."

To support this contention petitioner relies mainly upon the case of Carpenter v. Lord, 88 Or. 128, 171 P. 577, L. R. A. 1918D, 674, and the following cases are cited: Hughes v. Pflanz, 6 Cir., 138 F. 980, 71 C. C. A. 234; State

ex rel. Nicholson v. Bush, 136 Tenn. 478, 190 S. W. 453; State ex rel. Attorney General v. Peters, 43 Ohio St. 629, 4 N. E. 81; Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L. R. A. 486.

The state in its response and brief cite the following cases: Ex parte Youstler, 40 Okla. Cr. 273, 268 P. 323; Ex parte Hamilton, 41 Okla. Cr. 322, 273 P. 286; Ex parte Ford, 46 Okla. Cr. 247, 287 P. 1057. See also Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37; and In re Mose, 74 Okla. Cr. 134, 124 P. 2d 264.

We have carefully examined all of the above cases, and find that the facts in the case of Carpenter v. Lord, supra, have no application to the facts as they exist in the instant case. The Oklahoma cases cited by the state are directly in point, and have settled this question against the contention of the petitioner.

In the Ford Case, supra, the petitioner had been convicted in Ottawa county on a charge of robbery, and confined in the penitentiary to serve a sentence of 11 years. Officers from the State of Kansas made application to the government of this state for his release, and to take him to the State of Kansas. A parole in the usual terms was issued. While in the State of Kansas his parole was revoked and he was apprehended in Texas and returned here, and again imprisoned. It was contended that the release by the Governor was a pardon and operated as a full discharge of the remainder of the term for which petitioner was sentenced. This contention was not sustained. In the syllabus, it was stated:

"The instrument designated as a parole signed by the Governor and attested by the Secretary of State, providing for the release of the convict named from the state penitentiary, and containing the conditions enumerated in the opinion, which among others provides that the convict shall

be delivered to certain authorities of the state of Kansas and shall there report to certain other authorities, which conditions are expressly agreed to by the convict by indorsement thereon, is not by said condition divested of its character as a parole."

This decision is supported by the other Oklahoma cases cited above.

For the reasons stated, the writ of habeas corpus is denied.

JONES, P. J., concurs.   DOYLE, J., not participating.