Ex parte VERNON DOBSON.

No. A-10828.    March 5, 1947.

(178 P. 2d 113.)

C. J. Watts, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.    The petitioner Vernon Dobson brought this original action in habeas corpus to secure his release from the city jail of Oklahoma City where he had been incarcerated by policemen of Oklahoma City under a war-

rant issued by the Governor of Oklahoma for his return to the State of Missouri upon a requisition from the Governor of Missouri alleging that he is a fugitive from justice. The charge in Missouri is the obtaining of property by means of two bogus checks in the amount of $3,800 and $2,450.

The verified petition alleges that the petitioner is not a fugitive from justice, and that the criminal proceedings pending against him in the State of Missouri are not prosecuted in good faith and with intent to punish him for any crime committed, but for the sole purpose of collection of a civil debt.

This court has held that in every extradition case the question of good faith of the prosecution is always open to inquiry on habeas corpus. Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624, 625; Ex parte Owens, 34 Okla. Cr. 128, 245 P. 68; Ex parte Maddox, 55 Okla. Cr. 114, 25 P. 2d 1111; Ex parte Johnson, 29 Okla. Cr. 41, 232 P. 452.

In Ex parte Welborn, supra, it is further stated:

"The presumption is that the prosecution is in good faith; and in order to overcome this presumption, the proof on behalf of the petitioner must be clear and convincing."

The petitioner testified at length before this court concerning his transaction with the Auto Sales Barn of St. Louis, Mo., which was the basis for the institution of the criminal action against him. On cross-examination, however, it was brought out by counsel for the respondent that subsequent to the institution of this action in habeas corpus, the petitioner voluntarily signed a waiver of extradition and agreed to return to the State of Missouri with the Missouri officers to stand trial on the charge there pending against him. The petitioner further testified that he had signed the waiver of his own free will and accord, and that

he did not care to resist the proceedings any longer, but was willing to return with the officers to Missouri.

Under such evidence, it becomes unnecessary for us to decide the question as to whether prosecution was in good faith, as the petitioner by this voluntary act has made the question presented by his petition moot.

The writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.