## Ex parte CARL CHANCE.

No. A-10952.   Oct. 22, 1947.

(185 P. 2d 938.)

Earl E. James, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This petition for habeas corpus is filed by Carl Chance and in substance alleges that he is unlawfully being restrained of his liberty in the county jail of Oklahoma county, Okla., under a warrant of arrest for extradition issued by the Governor of Oklahoma upon the requisition of the Governor of the State of Georgia for his return to that state.

The petitioner alleges, in his verified petition, that the warrant issued by the Governor of Oklahoma, for extradition upon requisition by the Governor of the State of Georgia, has not been issued and served according to law. Furthermore, that the prosecution is brought to collect a disputed debt in the sum of $224.80; that the complaining witness has approached him with the view of settling the obligation; that no attempt has been made to arrest him for more than two years though he resided in Georgia in the vicinity where the charges were filed and during said time he has had several conferences with said complaining witness.

Upon said petition, rule to show cause was issued and hearing had thereon October 13, 1947.

The Governor's warrant for arrest and all the papers thereunto attached appear to be regular in every particular and no showing of any irregularity therein or in connection with the service thereof being made, we conclude that the petitioner's contention that the Governor's warrant of arrest for extradition was not issued and served as provided by law, is without merit.

Attached to the warrant of the Governor of Oklahoma, for arrest, is the indictment returned by the grand jury in Montgomery, Ala., in which the petitioner is charged with having committed the crime of burglary of a store-

house of one G. C. Rowland, of which numerous articles of merchandise were stolen. This indictment is positive in its allegations and alleges the commission of the crime of burglary.

On a hearing in open court the defendant admitted being in the State of Georgia at the time the alleged crime was committed, but denied that he participated in the crime as alleged in the indictment. Moreover, in his petition he contends that he approached the complainant about the case when he heard from community gossip that he might be involved in the charge of burglarizing the complainant's storehouse, and that the complainant stated he did not want to prosecute anyone, that all he wanted was his money. The petitioner contends that he stated to Rowland he did not participate in the burglary and for that reason he did not think he owed him anything. Further than this, there was nothing to support the petitioner's contention that the prosecution was not in good faith and was for the purpose of collecting a debt. This is entirely inadequate upon which to predicate the granting of a writ of habeas corpus based upon the allegations in the petitioner's petition that the prosecution is not in good faith and is for the purpose of collecting a debt.

This court has repeatedly held that the question of good faith of the prosecution is always open to inquiry on habeas corpus. Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624; Ex parte Owens, 34 Okla. Cr. 128, 245 P. 68; Ex parte Maddox, 55 Okla. Cr. 114, 25 P. 2d 1111; Ex parte Johnson, 29 Okla. Cr. 41, 232 P. 452. In Ex parte Welborn, supra, cited with approval in Ex parte Sesler, 85 Okla. Cr. 110, 185 P. 2d 705, this court said:

"The presumption is that the prosecution is in good faith; and in order to overcome this presumption, the proof on behalf of the petitioner must be clear and convincing," that the prosecution in the demanding state is brought in bad faith. In this instance, the petitioner has wholly failed to sustain this burden.

The writ of habeas corpus is, therefore, denied and the petitioner is remanded to the custody of Herman McRae, agent of the Governor of the State of Georgia, for transportation to the State of Georgia in pursuance to the warrant heretofore issued.

BAREFOOT, P. J., and, JONES, J., concur.