### Ex parte LEE ROY PATRICK.

No. A-10994.   Jan. 21, 1948.

(189 P. 2d 420.)

Marvin Shilling, of Ardmore, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action instituted by the petitioner, Lee Roy Patrick, to secure a writ of habeas corpus directed to the sheriff of Johnston county; the prisoner alleging he is being unlawfully restrained of his liberty in the county jail of Johnston county.

The verified petition alleges in substance that the petitioner is held in the county jail of Johnston county, State of Oklahoma, by reason of his arrest on a warrant issued by the Governor of Oklahoma, for his extradition to the State of California to answer a prosecution there pending against him for the alleged crime of desertion of his wife and unborn child.

The petition further alleges that the separation between petitioner and his wife occurred in the State of Oklahoma, and that petitioner and his wife were residing in the State of Oklahoma in Johnston county, at which time she left him and was taken by her parents to the State of California where she has since resided; that petitioner is not a fugitive from justice, but that the alleged prosecution is malicious and wholly without foundation, and commenced after the petitioner had obtained a divorce from the complaining witness in the district court of Johnston county, Okla.

The Attorney General in his response denies that the prosecution is malicious, or made in bad faith, and alleges that all of the papers requisite to a valid extradition have been prepared and properly certified; and that the warrant of the Governor of Oklahoma granting the requisition of the Governor of the State of California should not be nullified by the court in view of the supporting affidavits attached to the complaint upon which the prosecution is based which showed that the petitioner and his wife were living in the county of Contra Costa, State of California, at the time of the alleged desertion, and had been living there for more than eight months prior to the time the petitioner without any just cause abandoned his wife in destitute circumstances and without her knowledge or consent took with him the infant child of the parties.

At the hearing before this court, the petitioner testified that he was reared in Johnston county. That in 1942, he went to California and started to work and lived there continuously from 1942 until November, 1945. That while he was working in California he met the prosecuting witness and married her on August 10, 1945. That two or three months after the end of the war, and about No-

vember, 1945, he and the prosecutrix came to Mill Creek, Okla., and lived there until after the birth of a child in September, 1946. That a few weeks after the baby was born, the parents of the prosecuting witness came from California and over his protest took her and the baby back to California. That in two or three weeks after they had gone to California, he followed them and after he reached California he and the prosecuting witness moved into an apartment by themselves. He started back to work and they lived in the apartment until June 6, 1947. That on June 6, 1947, without the knowledge or consent of the prosecutrix, he took the infant child and went to Portland, Oregon. That he stayed at Portland a few days looking for work, and on June 9, 1947, he wrote a postal card to the prosecuting witness telling her he had taken the baby and that the baby was well. He continued to look for work in Oregon and California for several days, and during this period of time he wrote another postal card on August 26, 1947, from Pittsburg, California, to his wife telling her that the baby was still well. That he later returned to Mill Creek, Okla., where he filed suit for divorce against the prosecutrix. That this divorce was granted about November 18, 1947.

Counsel for the petitioner introduced in evidence, as a part of the proof of petitioner, the original files in the divorce action instituted by the petitioner in the district court of Johnston county. In that case, service was had upon the prosecuting witness by publication. She did not file an answer in the case and no appearance was made in her behalf at the time of the hearing of the petition for divorce. She did, however, file a pleading which was styled a special appearance and objection to jurisdiction, in which she objected to the jurisdiction of the district court of Johnston county on the ground that the plaintiff, Lee

Roy Patrick, was not a resident in good faith of Oklahoma, but was in fact a resident of the State of California, and that he had only been in the State of Oklahoma a few days at the time the petition for divorce was filed.

In the supporting affidavit of the prosecuting witness attached to the extradition papers, she swore that she informed the defendant in April, 1947, that she was pregnant and that she is now expecting the birth of a child very shortly. That she is destitute and wholly without funds and the petitioner has at no time since he left there in June, 1947, furnished her with any financial assistance. The petitioner, on cross-examination, admitted that he had never sent her any money for her support since he had left California, but stated that he had written her several letters offering to send her railroad fare to come to Oklahoma, if she would come and live with him in Johnston county.

This court has held that in an extradition case, the question of the good faith of the prosecution is open to inquiry on habeas corpus; however, there is a strong presumption that the prosecution is in good faith, and in order to overcome this presumption, the proof on behalf of the petitioner that the prosecution is maliciously inspired, or in bad faith, must be clear, convincing, and without doubt. Ex parte Welborn, 69 Okla. Cr. 282, 102 P. 2d 624; Ex parte Dobson, 83 Okla. Cr. 428, 178 P. 2d 113; Ex parte Cassel, 85 Okla. Cr. 4, 184 P. 2d 467, 468.

At the hearing, counsel for petitioner conceded that the complaint filed against the petitioner in the State of California legally charges him with the commission of a crime under the laws of California, and that the papers before the Governor of Oklahoma at the time he issued the warrant of arrest for petitioner, were regular upon their face, and bases his claim for relief upon the sole

ground that the prosecution was maliciously brought and was not in good faith.

In Ex parte Cassel, supra, this court stated:

"In habeas corpus proceeding, seeking release from custody under a warrant of extradition, this court may look into papers before the Governor and determine whether upon their face a crime is charged and if they are found to be regular on their face and positive in their allegations, this court will not permit inquiry to go behind them to show that they are not what they appear to be. * * *

"This court will permit the petitioner in a habeas corpus proceeding, seeking release from a warrant of extradition, to show that the prosecution was not brought in good faith but such evidence must be clear, convincing, and without doubt that the prosecution in the demanding state is in bad faith.

"The action of the Governor in issuing the warrant of extradition should not be nullified by the courts unless it conclusively appears that the accused is not a fugitive from justice and that the issuance of the warrant was in plain contravention of the law."

The affidavit of the prosecuting witness attached to the extradition papers, alleges facts which on their face show that the petitioner is guilty of the commission of a crime in the State of California. Under the evidence of the petitioner, he admits living in the State of California with the prosecuting witness in their apartment during an eight month period from November, 1946 to June, 1947. He was corporeally present in the State of California on the date the crime is alleged to have been committed under his own testimony. Petitioner swore that he had gone to California to attempt to get his wife to return to Oklahoma with him, but he also testified that he secured employment in California, and he and the prosecutrix moved into an apartment and lived there together until he departed without her knowledge or consent in June, 1947. Even

after he separated from the prosecutrix, he did not return to Oklahoma but spent several weeks in various states where, according to his testimony, he was seeking employment.

It is significant that the district judge who granted the divorce to petitioner also heard his application for habeas corpus in connection with the extradition here involved, and the writ was denied and it was subsequent to the denial of the writ of habeas corpus by the resident district judge that this original proceeding was instituted in this court.

This court wil not determine the question of the guilt or innocence of an individual arrested on a warrant issued by the Governor upon the requisition of the Governor of a demanding state. We have simply detailed the facts pertaining to the issue of the good faith of prosecution to show that although there is considerable merit to the contentions of the petitioner, his proof falls far short of being that quality of evidence which this court can say was clear, convincing, without doubt, and practically conclusive that the prosecution was maliciously inspired, and was not in good faith.

The petitioner having failed to sustain the burden of showing that the prosecution in California was in bad faith, the writ of habeas corpus is denied.

BRETT, J., concurs.

BAREFOOT, P. J. (dissenting). I do not dissent to the law as announced in this case, but am of the opinion that the evidence was not sufficent to establish the fact of the residence of petitioner in the State of California, after the parents of the prosecutrix had come to Oklahoma and forcibly taken her and her child to the State of

California from their established home in Oklahoma. In other words, I think the evidence showed that petitioner's only reason for being in the State of California was to try and induce his wife to return with their child to her Oklahoma home. If the evidence was such as to establish the residence of petitioner in the State of California, as found by the majority opinion, then the opinion is correct.