Ex parte AYERS.

No. A-11260.   Dec. 21, 1949.

(213 P. 2d 297.)

Guy L. Andrews and George L. Hill, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J. The petitioner Clinton Albert Ayers filed this original proceeding in habeas corpus to secure his release from confinement in the Pittsburg county jail.

The Attorney General made response alleging that petitioner had been arrested pursuant to warrant of arrest from the State of California, and further alleging the Governor of the State of Oklahoma, acting upon requisition of the State of California, had issued an extradition warrant for the said petitioner and directing Bill Alexander, sheriff of Pittsburg county, Okla., to deliver the petitioner to one Albert Gustave Kirchner, the agent of the State of California, for transportation back to California. The documents upon which the extradition warrant was based were attached to Governor Roy J. Turner's Warrant on Foreign Requisition. These papers, among other documents, include the California Governor's certification as to the authenticity of the attached complaint, information, judgment and commitment by the Adult Authority fixing the sentence, the subsequent granting of parole by the said Adult Authority, and its action in suspending the parole of the petitioner, all authenticated and certified as by law provided.

At the hearing the following undisputed facts were developed: The petitioner was convicted in Stanislaus county, Calif., on September 17, 1943, for the crimes of issuing fictitious bank checks with intent to defraud on five counts, for which petitioner was sentenced to the State Prison at San Quentin for a term of eight years on each of said counts, to run concurrently. It was further made to appear that the petitioner was released on parole on January 30, 1946, with approximately 2½ years remaining to be served under conditions of the said parole,

which said parole was suspended and revoked on September 6, 1946. Under the terms and conditions of said parole, among other things, the said Clinton Albert Ayers was not to leave the city of Escondido, Calif., without the oral or written permission of his parole officer, and he was further required to report to his parole officer his whereabout and to make monthly reports in relation thereto. It appears that petitioner left the State of California without oral or written permission of his parole officer so to do, and that he further failed to submit his July, 1946, monthly report due on or before August 5, 1946. That in leaving the State of California, as hereinbefore set forth, he violated the provisions of section 3059 of the Penal Code of said state. As evidence of the fact that he left the said State of California, it appears that he was committed to the Oklahoma State Penitentiary at McAlester, Okla., on November 26, 1946, to serve a term of five years for the crime of forgery from McIntosh county, Okla. That pursuant to the revocation of his parole and the issuance of warrant for his arrest by the authorities of the State of California, upon his release from the Oklahoma State Penitentiary at McAlester, Okla., on May 3, 1949, he was taken in custody by the sheriff of Pittsburg county, Okla., and since that date has been held pending this proceeding in extradition. Moreover, it appears that the suspension and revocation of his parole was within the parole period or limits of the sentence imposed, by the State of California.

It is the contention of the petitioner that as the time fixed by the judgment and by the parole has long since passed, he is not a fugitive from justice, and therefore is entitled to be released on habeas corpus.

This contention is wholly without merit. In Ex parte Patrick 86 Okla. Cr. 61, 189 P. 2d 420, 421, it is said:

"To be a 'fugitive from justice' within meaning of federal law dealing with extradition, it is sufficient that person legally charged in demanding state with commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made. 18 U.S.C.A. § 662 [revised § 3182]."

In Ex parte Burnett, 78 Okla. Cr. 93, 144 P. 2d 126, it is said:

"When a prosecution is initiated and pursued to judgment of conviction, accused before expiration of his sentence is still 'charged' within the meaning of the provisions of the United States Constitution and laws relating to extradition."

The record herein conclusively shows that the petitioner was duly and lawfully charged by information by the State of California, a lawful and valid judgment and sentence pronounced against him, that he was placed upon parole the terms and conditions of which said parole he violated, all of which facts are set forth by documentary evidence attached to Governor Warren's certificate for requisition, and all of which are duly verified and authenticated as by law provided. It appears that by reason of his failure to make his reports, and by leaving the State of California and coming to Oklahoma without permission, the Adult Authority of that state adjudged him to be a parole violator within the time of his parole period and before the maximum time for service of his sentence had expired, and placed a valid hold order against him with the Oklahoma authorities. It is therefore clear that he was not only a law violator and a fugitive under the original conviction, judgment and sentence which stood unsatisfied at the time of the parole revocation, but he was a violator because of his failure to make his reports,

and for leaving the state without permission he became a fugitive from justice. It is therefore clear that under the undisputed facts in the case, the statutes of the State of California, the mandatory provisions of his parole, the law in relation to extradition and the adjudicated cases, that the petitioner is a fugitive from justice and therefore subject to extradition. The burden under this contention is upon the petitioner to show that he is not a fugitive from justice. Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37, 38, which burden he has not met.

Finally, the petitioner urges the requisition for extradition is inadequate since it is predicated upon an instrument purported to be a minute of the Adult Authority of the State of California, made and executed by the Executive Secretary thereof, who certifies it as a true and correct minute of said authority, and that the same does not meet the requirements of law for extradition, in that it should be established that said Adult Authority had power to revoke the parole. This contention goes to the proposition of the validity of the revocation of the parole. In Ex parte Burnett, supra, this court said:

"The validity of a parole, and later revocation by the Board of Prison Terms and Paroles of California, is a question for the courts of California, for they alone have a right to construe the Constitution and laws of that state."

See, also, Ex parte Foster, supra; Ex parte Williams, 10 Okla. Cr. 344, 136 P. 597, 51 L.R.A., N.S., 668; Ex parte Hamilton, 41 Okla. Cr. 322, 273 P. 286. It is, therefore, clear that the validity and effect of the parole herein, and its later revocation by the Adult Authority of California, involves matters properly to be left to the courts of the State of California for adjudication. For all of

the above and foregoing reasons, the writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.