## STATE v GREGG

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18545. Decided Nov 10, 1941

Frank T. Cullitan, Cleveland; John Butler, for plaintiff-appellee.

Alfred L. Steuer, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

Catherine J. Gregg filed this action in habeas corpus and the prayer of her petition was denied by the Common Pleas Court.

Catherine J. Gregg was indicted in the State of New York for larceny and embezzlement. The Governor of New York issued a demand for her extradition from the State of Ohio. After a hearing, the demand was recognized and the Governor of Ohio signed a warrant for her arrest and for the delivery of her person to the duly authorized agent of New York. This habeas corpus proceedings is in pursuance of §109-10 GC.

At the hearing in the Court of Common Pleas, Catherine J. Gregg offered evidence to show that the prosecution in New York of Mrs. Gregg was not in good faith. This evidence was rejected by the court and the applicant's attorney made a proffer of evidence that the prosecution in New York was based solely on the complaint of Elizabeth C. T. Miller to avoid the payment of two judgments recovered against her in the Common Pleas Court of Cuyahoga County, Ohio, by Mrs. Gregg, and also that there was no embezzlement or theft intended or committed by Mrs. Gregg. This evidence was rejected by the trial court.

Clearly the applicant had no right in this proceeding to inquire into her guilt or innocence of the crime for which she had been indicted in New York. This is specifically the provision in §109-20 GC. The enactment of this section, however, did not change the law, as it has always been held in Ohio that on a habeas corpus proceeding in an extradition matter the court would not hear evidence on the question of the guilt or innocence of the accused.

The question presented in this case is whether or not in a habeas corpus

action in an extradition proceeding, evidence that the prosecution was in bad faith and for the purpose of collecting a civil debt is admissible.

Prior to its repeal by the Uniform Extradition Act by the General Assembly of Ohio, on April 29, 1937, §110 GC, relating to extradition, provided:

"The demand or application must be accompanied by sworn evidence that the party charged is a fugitive from justice, and that the demand is made in good faith for the punishment of crime and not for the purpose of collection of debt or pecuniary mulct * * * ."

While §110 GC was in effect there were decisions in Ohio holding that evidence as to the motive and good faith of the prosecution would be received in a habeas corpus action.

In **Work v Corrington, 34 Oh St 74,** the court said:

"No satisfactory reason is perceived why a Governor should issue or obey a requisition where he is satisfied that the sole object of the party complaining is to enforce the payment of a private claim for money. Such an abuse of process is equivalent to a fraudulent use of it."

See also: In re Extradition of Williams, 5 O. A. R. 55.

**In the matter of Hampton, Fugitive, 1 O. N. P. 181.**

Sec. 110 GC as stated, was repealed when the new extradition law was passed which is now found in §109-1 to 31, inclusive, GC.

The Uniform Extradition Act in effect in Ohio does not contain old §110 GC, or any similar provision. Counsel for Mrs. Gregg, at the hearing, contended that §109-23 GC reenacts the substance of old §110 GC. An examination of §109-23 GC shows that it applies only to what the application of a prosecuting attorney in this state to the Governor of Ohio must contain when extradition is sought from another state, of a person charged with crime in this state. **Sec. 109-23 GC** provides

that such an application must contain a statement to the effect that "the proceeding is not instituted to enforce a private claim".

New York has also enacted the Uniform Extradition Law and the statutes of New York contain a similar provision to §109-23 GC.

In compliance with such provision, the District Attorney of New York County, in his application to the Governor of New York to issue a requisition on the Governor of Ohio in this case, certified as follows:

"That this application is not made for the purpose of enforcing the collection of a debt, or of avoiding the penalty of a bail bond, or for any private purpose whatever, and that if the requisition applied for be granted, the criminal proceedings shall not be used for any of said purposes."

It is our opinion that whatever the law may have been previous to the repeal of §110 GC, evidence as to the motive or good faith of a prosecution is not now admissible in a habeas corpus proceeding in an extradition matter in Ohio.

This is in accord with the great weight of authority in this country and the decisions of the Supreme Court of the United States. In Drew v Thaw, 235 U. S. 432, Mr. Justice Holmes, referring to extradition proceedings, said:

"There is no discretion allowed, no inquiry into motives."

In the case of People, ex rel etc. v Murray, Sheriff, 357 Illinois 326, the Supreme Court of Illinois in a habeas corpus action in an extradition proceeding, held that a statute in Illinois which provided that one of the reasons for the issuance of a writ of habeas corpus was "that the requisition is not made in good faith but is for some ulterior purpose other than the punishment of crime" was unconstitutional by reason of being in conflict with Article IV, §2 of the Constitution of the United States, which provides for the return

# 380

of fugitives from one state to another. The question of the constitutionality of former §110 GC so far as we are aware, was never raised in Ohio and by reason of its repeal no question of the constitutionality of such a statute is before this court.

The cases in this country on the question before this court are collected in a note to People ex rel etc. v Murray, etc. (supra) 94 A. L. R. 1493. Generally they support the view herein expressed.

For the reasons stated the judgment is affirmed.

LIEGHLEY, PJ., SKEEL, J., concur.