Submitted on briefs June 11; affirmed June 25; rehearing denied September 3, 1946

IN RE DEFOE
DEFOE *v.* PRATT, SHERIFF
(170 P. (2d) 383)

JAMES W. CRAWFORD, Judge.

*Wm. P. Lord* and *Ben Anderson,* of Portland, for appellant.

*T. B. Handley,* District Attorney, and *Dan M. Dibble,* Deputy District Attorney, of Portland, for respondent.

KELLY, J.

On the 8th day of November, 1945, the plaintiff, Virn DeFoe, filed in the circuit court for Multnomah County, his petition for a writ of habeas corpus, wherein it is stated that he, the said Virn DeFoe, is imprisoned, detained, confined and restrained of his liberty by defendant, Martin T. Pratt, at the courthouse in the county of Multnomah in the state of Oregon.

It is also alleged in said petition:

"That one Hazel Terpening, a resident of California, instituted some criminal action against petitioner in the Superior Court of the State of California for Los Angeles County; that said proceeding has been instituted by said Hazel Terpening in order to wreak vengeance on petitioner and cause petitioner to be extradited to California so that the courts of California may secure jurisdiction of the person of petitioner, and so that said Hazel Terpening may institute a suit for breach of promise and further cause petitioner annoyance and distress; that said Hazel Terpening repeatedly has declared to petitioner during the month of April, when petitioner was residing in California, that she would poison petitioner unless he married her; that your petitioners' attorneys requested the Governor of Oregon to hold a hearing to determine whether or not your petitioner has committed any crime against the laws of the State of California, or whether or not this proceeding has been instituted for the purpose of securing jurisdiction of the person of your petitioner, as aforesaid, but the Governor of Oregon has arbitrarily advised your petitioner that he will not permit any showing before him regarding the claims of your petitioner other than the identity of your petitioner to be the same person named in said criminal information; that your petitioner has requested the District Attorney for Los Angeles County to furnish your petitioner with a copy of the indictment, and ad-

vised the said District Attorney that it was not necessary for Los Angeles County to spend the money sending an officer to bring back your petitioner, but your petitioner would voluntarily return to California in event he was denied the right to remain in Oregon, and notwithstanding said offer the District Attorney of Los Angeles County has caused one of his deputies to take a junket trip to the State of Oregon, to bring back the person of your petitioner; and is now awaiting an order of extradition;

That your petitioner is suffering from heart trouble, is 53 years of age, has been a resident of Oregon for more than 25 years, and has never been prosecuted for the commission of any crime; that when arrested on fugitive warrant, your petitioner was released on $2500 bail on October 30, 1945, and petitioner should be released on bail pending this proceeding to be fixed in a sum not to exceed $1500.00, as said bail now deposited is cash bail and renders petitioner short of ready cash.

That said imprisonment, detention, confinement and restraint of said Virn DeFoe, are illegal, and that the foregoing is a statement of the illegality thereof;"

Based upon said petition, an order was made by said circuit court directing the issuance of a writ of habeas corpus, and to this writ defendant sheriff made return which contains an allegation of defendant's official capacity as sheriff of Multnomah County, and that, as such officer, he has the control and custody of persons committed to the county jail of Multnomah County; and also further statements and averments as follows:

"II

That on the 8th day of November, 1945, the Honorable Howard C. Belton, Governor of the State of Oregon, acting upon a requisition, demand and

request from the Honorable Earl Warren, Governor of the State of California, for the surrender of the said Virn DeFoe, duly issued a rendition warrant and an executive warrant of arrest, a true copy of each of which is hereto annexed, made a part hereof and marked Exhibit 'A' and 'B', respectively.

### III

That by virtue of and in obedience to said warrant of arrest so issued by the Governor of Oregon, the said sheriff took into custody the said Virn DeFoe on November 8, 1945, and ever since said time the said sheriff has held and now holds the said Virn DeFoe in his custody by virtue of and in obedience to said warrant.

### IV

That Virn DeFoe and Virn J. DeFoe are one and the same person.

### V

That Joe B. McClure of Los Angeles, California, is the duly authorized and empowered messenger and agent of the state of the State of California to receive and return the said Virn DeFoe to that jurisdiction.

### VI

That the said sheriff now has and produces into this court the body of the said Virn DeFoe.''

Exhibits A and B referred to in paragraph II of said return and made a part thereof consist of a copy of a rendition warrant issued by the governor of Oregon, and a copy of an executive warrant of arrest. In said rendition warrant, as a basis for the issuance thereof, it is stated that a requisition has been received from the governor of California for the surrender of Virn DeFoe; that he, the said Virn J. DeFoe, is charged with the crime of grand theft, (three counts) alleged to have been committed within the limits of the

state of California; that a copy of the indictment against the aforesaid Virn J. DeFoe is attached to said requisition, which copy of said indictment is certified to be authentic by the governor of the aforesaid state; that it is further made to appear that said Virn J. DeFoe is a fugitive from justice of the aforesaid state and has taken refuge in this state, and that the governor of the aforesaid state has appointed and duly constituted Joe McClure as agent of said state to receive the aforesaid Virn J. DeFoe and to transport him to said state in accordance with the aforesaid requisition.

As a basis for issuing the executive warrant of arrest, it is stated therein that a requisition has been received from the governor of California as stated in the rendition warrant; that accompanying said requisition is a copy of the indictment as stated in said rendition warrant; and that it has been made known to the governor of Oregon by said requisition that the said Virn J. DeFoe was present in said state of California at the time of the commission of the alleged crime and thence fled to and is now within the state of Oregon.

To the return of defendant, plaintiff filed a reply.

In said reply, the official status of defendant is admitted and it is admitted that a requisition has been received by the governor of Oregon from the governor of California for the surrender of plaintiff upon a charge of grand theft (three counts), but it is therein denied that plaintiff was indicted. It is alleged in said reply that the facts are as shown by the affidavit of Wm. P. Lord attached to said reply and marked Exhibit A.

In said reply, plaintiff denies that he is a fugitive from justice, or that he is guilty of the commission of any crime in the state of California.

In said reply, it is also admitted that plaintiff was held under arrest by virtue of said warrant until released on bail.

Paragraph IV of defendant's return, stating that Virn DeFoe and Virn J. DeFoe are one and the same person, is not denied by plaintiff.

By paragraph IV of said reply, paragraph V of said return is denied on information and belief.

It is also alleged in plaintiff's reply:

"That the Governor of Oregon arbitrarily refused to permit petitioner to show the facts regarding his innocence of the crime charged; and that the criminal proceedings alleged to have been instituted against petitioner were for the purpose of annoying and harassing petitioner, and causing petitioner to be transported to the State of California so that civil process might be served upon petitioner, and further that petitioner was not a fugitive from justice, but came voluntarily to the State of Oregon which was his residence after the commission of the alleged offense, and voluntarily returned to the State of California with full knowledge of the complaining witness in the criminal proceedings instituted in California, all of which is fully shown by petitioner's affidavit, the affidavit of Wm. P. Lord and the affidavit of Ben Anderson, hereunto attached."

Exhibit A attached to and made a part of plaintiff's reply to defendant's return, omitting the venue and the jurat, is as follows:

"I, Wm. P. Lord, being first duly sworn, on oath say that on November 2, 1945, your affiant addressed a letter to the Honorable Earl Snell, Governor of Oregon, which in part reads as follows:

'Virn Defoe has been arrested on a warrant predicated on a criminal complaint in Los Angeles,

on a charge of grand larceny, and is now at liberty on bail fixed by the court in the sum of $2,000.—

'So may this letter be placed in the file in event the Governor of California makes application for the extradition of Mr. Defoe, and a time be fixed when we may be heard in opposing the extradition?'

A copy of this letter was mailed to the District Attorney at Los Angeles by air mail, and on the same day your affiant addressed a letter to said District Attorney wherein, among other things, it was stated that one of his officers, meaning a deputy prosecuting attorney, would come to Oregon, we would take the matter up with the Governor promptly and if decided adversely Mr. Defoe would voluntarily return to California and meet the issue there, but of course an application would be made to the courts to determine the validity of the proceedings.

That on the 7th day of November, 1945, a long distance call came to me and a lady's voice stated that she was secretary to the Governor, and the Governor wanted an appearance on the afternoon of the 8th of November, 1945, in connection with the resistance of the extradition of Virn Defoe; that I informed the party calling that the notice was too short, that the man was at liberty on bail, and that appointments would not permit me to take it up until a later date; that she also stated that the Governor desired no question presented to him but the identity of Virn Defoe as being the party described in the requisition of the Governor of California; that I informed the secretary that it was simply out of the question for me to be personally present on the 8th, that we desired to make a showing upon all questions relating to the validity of the requisition, and whether or not the Governor should not, upon a showing that could be made, exercise his discretion to refuse the extradition on presentable evidence that the prosecution of Mr. Defoe was being used for the purpose of harassing and annoying him and bringing his person into the State

of California for the purpose of securing personal service on him in a legal action, and upon any other pertinent question;

That fifteen minutes later your affiant received another telephone message from a lady who said she was an Assistant Attorney General and had charge of matters pertaining to extradition, and that the Governor had requested her to inform your affiant that the Governor would not exercise any discretion in respect to the matter, and would not permit any testimony to be offered other than that pertaining to the identity of Defoe as being the same person described in the requisition, and that said hearing would take place at two o'clock on the 8th day of November, 1945;

That I caused the custodian at Salem to read to me over the telephone the charge against Mr. Defoe and said Defoe was not indicted by a grand jury, and the proceedings against Defoe are predicated upon an affidavit of one signing herself Mrs. Hazel Terpening; that said party appeared before a Justice of the Peace, and swore to a complaint that on the 3rd day of March, 1945, said Defoe stole from her the sum of $1514.00, that on the 18th day of April, 1945, he stole from her the sum of $295.00, and on the 26th day of April, 1945, he stole from her the sum of $2400.00, and based on said affidavit the warrant of arrest was issued.

Wm. P. Lord"

The affidavit of Ben Anderson, referred to in plaintiff's reply, omitting the venue and jurat, is as follows:

"I, Ben Anderson, being first duly sworn, on oath say that affiant appeared before the Governor at the hour of two o'clock on the afternoon of November 8, 1945, and the Governor stated to affiant that he would not permit any question to be considered in connection with the extradition proceed-

ings other than the identity of the accused, and he would not exercise any discretion as to whether or not Defoe should be extradited.

Ben Anderson."

The affidavit of plaintiff, referred to in his said reply, omitting the venue and jurat, is as follows:

"I, Virn Defoe, being first duly sworn, on oath say: that I am not a fugitive from justice; that I transacted business for Hazel Terpening hereinafter described as Defoe; that said Hazel Terpening was engaged in business in Los Angeles County and she employed affiant to look after certain matters for her, for which she paid affiant wages; that I handled several business transactions for her and the two larger sums of money referred to in the affidavit of Wm. P. Lord were business transactions, the first being in connection with the purchase of certain pipe, which was lying in her place of business when I left the State of California, and the second was on the purchase price of a dwelling house; that I left there on the 3rd day of May, 1945, and returned to the State of Oregon, where I had resided for many years; that prior to my departure from the State of California I received the following from said Hazel Terpening, the original of which is in the possession of my attorneys, Wm. P. Lord and Ben Anderson

'Order Book

Get house ready for sale & sell

See about car to ship all material & furniture

See about renting bldg up & down stairs lease for 1 or more years with (illegible) to sell

Go to Oregon to buy land build shop & home Milwaukee Oregon

See about it as soon as possible?

Then return and ship furniture & merchandise

We will drive car to Oregon and be married on arrival

Signed & sealed
By
Mrs. Hazel Terpening Defoe.'

That after my return to the State of Oregon I was married on June 11, 1945, to another woman; that said Hazel Terpening lives in a place called Venice, California.

That I have been a resident of Oregon since 1916; that my last employment in Oregon was with the Denley Rendering Company, which was a government operated plant; about a year ago I went to the State of California in the employ of the Government as a maintenance man in the Grand Hotel in Santa Monica, and later I was in the employ of the Government as maintenance man in connection with aeronautics, and while in the employ of the Government I was stricken with heart trouble by exposure to too high altitude in connection with my work, and I have been disabled ever since.

That I worked three years for the Deschutes National Forest, and have had numerous other employments in Oregon; that Oregon has been my residence, and after my return to Oregon in May, 1945, I made a trip to California during the latter part of June, leaving Portland on the 26th; that I went to Venice and I saw the complaining witness there and talked with her; that the complaining witness had told me she was going to 'poison' me, and her violent disposition was one of the reasons I came to the State of Oregon; that she repeatedly said that she 'was going to have me, or nobody else would have me, regardless of what it cost her;' that the complaining witness knew where I was in the State of California during my stay there, which was for a period of one week; that I returned to Oregon by automobile, which is registered in my name in Oregon; that I never was a fugitive from justice and I will voluntarily return to the State of Cali-

fornia to meet the charges if I am required to do so; however, I do not care to go to California in my present debilitated condition.

Virn DeFoe "

The affidavit of Joe B. McClure appears in the files, which, omitting the title, venue and the jurat, is as follows:

"I, Joe B. McClure, being first duly sworn, say:

That I am a Deputy Sheriff of Los Angeles County, California and the person designated by the Governor of California to act as the agent and messenger of that state to return to its jurisdiction the above named Virn DeFoe.

That I presented the requisition of the Governor of the State of California to the Governor of Oregon for the extradition and return of said Virn DeFoe to Los Angeles County, California.

I was present in the executive offices in the state capitol at Salem, Oregon on the 8th day of November, 1945, when the Acting Governor, Honorable Howard C. Belton, heard and acted upon the requisition for extradition to California of said Virn DeFoe; that at said hearing Attorney Ben Anderson appeared for and on behalf of said Virn DeFoe, stated to Governor Belton that he conceded that said Virn DeFoe was the person described in the application for extradition; that said Virn DeFoe was present in the State of California at the time the alleged offense was committed; that thereafter he left the State of California and that he is now in the State of Oregon.

That during said hearing the Governor of Oregon listened to and heard the statements of said Ben Anderson and had before him and examined the requisition papers and documents from the State of California and at no time was he discourteous or arbitrary with anyone.

Joe B. McClure"

The order of the trial court from which this appeal is prosecuted, omitting the title, is as follows:

"This matter coming on for hearing on the return of the respondent Martin T. Pratt, Sheriff of Multnomah County, Oregon, and it appearing to the court that the time fixed for the return to the writ herein was November 20, 1945, and that by agreement of the respective parties by and through their attorneys, the matter was heard on this 15th day of November, 1945, at the hour of 10:30 a. m., said hearing being had upon the petition, the sheriff's return thereto, and the petitioner's reply and certain affidavits and statement of counsel. The respondent Sheriff being represented by T. B. Handley, District Attorney for said county, and the defendant appearing in person in custody of the sheriff and with his attorney, Wm. P. Lord, and the court after hearing the proofs and the arguments of respective counsel and now being fully advised in the premises finds that the respondent Martin T. Pratt, Sheriff of Multnomah County, Oregon, lawfully restrains the petitioner under and by virtue of a warrant of arrest issued by the Governor of Oregon on the 8th day of November, 1945, and the rendition warrant issued by said Governor on said day the court finds to be sufficient and lawful.

It is therefore hereby considered, ordered and adjudged that the writ of habeas corpus herein be and the same is hereby dismissed and the petitioner remanded to the custody of the respondent Martin T. Pratt, Sheriff of Multnomah County, Oregon, for execution of the warrant of arrest by the Governor of Oregon.

Dated this 15th day of November, 1945.
                              James W. Crawford
                                        Judge."

The issue is whether the governor of Oregon abused his discretion in issuing the warrants of arrest and

rendition. The case on appeal having been submitted on briefs, the only arguments before us are those set forth in the briefs.

On behalf of plaintiff, argument is made as follows:

"Petitioner made an issue as to whether in any sense he was a fugitive from justice. The Governor acted arbitrarily in the matter and refused petitioner any opportunity to be heard on this question. There was no evidence adduced on the subject, as the Governor's peremptory statement at the opening of the hearing that he would hear no testimony other than as to the identity of the accused made it impossible for DeFoe to offer any testimony on the subject.

That this was a right which the accused had is decided in the Montoyo case cited, and the decision in this case is decisive of the right of the petitioner to have the executive warrant of arrest quashed."

It will be noted that no suggestion is made that plaintiff was denied or prevented by the trial court from fully disclosing the testimony upon which he relies. As stated in the order dismissing the writ, the trial court gave consideration to the entire record even including the arguments of counsel.

The only case cited by plaintiff is *Ex parte Montoyo,* 170 Or. 499, 135 P. (2d) 281. As we understand the doctrine of that case, it is that while extradition is unauthorized, unless the accused is a fugitive from justice, and a fugitive from justice is a person who commits a crime within a state and withdraws himself from such jurisdiction without waiting to abide the consequences of such act, nevertheless, merely because the person sought to be extradited was not in the state seeking his extradition on the exact date charged as that upon which such person is alleged to have committed the crime of embezzlement, it does not follow

that he was not in such state at a time when it was possible for him to have committed the crime charged.

It is not even intimated or suggested in the Montoyo case that the governor of the asylum state is required to determine whether the person sought to be extradited actually committed the crime charged.

"The guilt or innocence of the prisoner will not be investigated on an extradition proceeding; * * *." 22 Am. Jur. Subject, Extradition, page 281, Sec. 44, note 8, and authorities there cited, which include Sec. 20, Uniform Criminal Extradition Act.

There need be no inquiry into the criminal liability of the accused. 35 C. J. S., Subject, Extradition, p. 341, Sec. 15, note 49, citing *Drew v. Thaw,* 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302; 25 C. J. p. 267, note 20; *State ex rel. Davey v. Owen,* 133 Ohio St. 96, 12 N. E. (2d) 144; 114 A. L. R. 686; and *Albright v. Clinger,* 290 Mo. 83, 234 S. W. 57.

"It is generally, though not universally, held that, on the hearing of a habeas corpus sued out for the liberation of one who is sought to be extradited for the violation of the criminal laws of another state, upon a warrant of the governor, issued upon a requisition of the demanding state, it is not admissible to hear evidence upon, or to inquire into, the motives or purpose of the prosecution." 94 A. L. R. annotation entitled, "Motive or ulterior purpose of officials demanding or granting extradition as proper subject of inquiry." p. 1493. Under subtitle, "Motive of prosecution as open to inquiry:" p. 1496, and authorities there cited and reviewed.

Both California and Oregon have enacted the Uniform Extradition Act, one section of which comprises Section 26-2620, Vol. 3, O. C. L. A., and section 1553.2, Penal Code of California, 1937.

While the California statute differs slightly from the Oregon statute, its meaning is the same.

The Oregon statute is as follows:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

Section 20 of the Uniform Criminal Extradition Act is identical with the above quoted statute.

While there is a dispute as to whether the charge in the case at bar appears in the form of an indictment or merely a complaint in a court of justice of the peace, no contention is made that the demand for extradition was not accompanied by a charge of crime in legal form.

Whether the prosecution of plaintiff is actuated by malice or in good faith, merely presents a question of credibility to be accorded to or withheld from the testimony of the prosecutrix; and in effect bears exclusively upon the guilt or innocence of plaintiff.

We think that the governor of Oregon conformed to the provision of the Oregon statute, the California statute and section 20 of the Uniform Criminal Extradition Act; and that no abuse of discretion on his part is shown by this record.

The judgment of the circuit court in dismissing the writ is affirmed.