## Ex parte JEAN BIRCH.

No. A-11257.   Aug. 31, 1949.

(209 P. 2d 510.)

418.

C. S. McCuistion and John W. Tyree, both of Lawton, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original action instituted by the petitioner, Jean Birch, in which she alleges that she is unlawfully imprisoned at Lawton, Okla., by the sheriff of Comanche county, pursuant to a requisition from the Governor of the State of Arizona, and a warrant issued by the Governor of Oklahoma, on June 6, 1949, for the delivery of the petitioner to the Agent of the State of Arizona, where she stands charged at Globe, Ariz., with the crime of grand theft.

The verified petition alleges that the prosecution in Arizona is not in good faith, but solely for the purpose of collecting a debt and to force the return of gifts which had been bestowed upon the petitioner by the complaining witness in the State of Arizona, during a time when the petitioner was secretary for the complaining witness.

Prior to the filing of the action before the Criminal Court of Appeals, the petitioner had presented her application for habeas corpus to the district court of Comanche county, where the writ of habeas corpus was denied. Evidence was taken before the district court by the official court reporter and a certified transcript of such evidence was attached to the petition herein in support of the allegations of the petition.

There is a dispute as to the facts. Under the evidence of the petitioner, the prosecution in Arizona was not instituted in good faith. However, the evidence of the respondent is to the contrary. We shall not detail the evidence for the reason that the writ of habeas corpus was denied and petitioner has been transported to Arizona to await trial and it is unnecessary for us to comment upon the evidence.

At the conclusion of the hearing before this court, the writ of habeas corpus was denied. Petitioner was delivered to the Agent of the State of Arizona and this opinion is rendered in conformity to that ruling.

In Ex parte Patrick, 86 Okla. Cr. 61, 189 P. 2d 420, 421, it is held:

"When extradition papers required by statute are in proper form, only evidence admissible on habeas corpus to secure release from custody under warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was alleged to

have been committed, or that prosecution was not brought in good faith, 18 U.S.C.A. § 662; U.S.C.A. Const. art. 4, § 2, cl. 2.

"To be a 'fugitive from justice' within meaning of federal law dealing with extradition, it is sufficient that person legally charged in demanding state with commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made. 18 U.S.C.A. § 662.

"In habeas corpus proceeding seeking release from custody under warrant of extradition, there is a strong presumption that the prosecution in the demanding state is in good faith and in order to overcome this presumption, the proof on behalf of the petitioner must be clear, convincing, and without doubt.

"Criminal Court of Appeals will not weigh the evidence nor determine the question of the guilt or innocence of an individual held in custody under warrant of extradition, where it is shown that he is legally charged with the commission of a crime in the demanding state and that he was corporeally present in that state at the time of the alleged commission of the crime charged."

The evidence herein was not clear, convincing, and without doubt, that the prosecution was in bad faith, or maliciously inspired.

In addition, we call attention to the fact that at the Twenty-Second legislative session, House Bill No. 37, known as the Uniform Criminal Extradition Act, was passed with the emergency clause attached and approved by the Governor of Oklahoma, on March 25, 1949, 22 O. S. Supp. § 1141.1 et seq. At the time of the institution of this action it was in full force and effect.

Among other provisions of said act, it is provided:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceedings after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime." 22 O.S. Supp. § 1141.20.

Although it is unnecessary that we construe this section of the statute, under our view of the evidence we cite the same for the reason that apparently the Legislature has forbidden the courts in any proceeding from inquiring into the guilt or innocence of the accused, except as such matter may be corollary to the question of identification of the person held to await extradition as being the person charged with the crime in the demanding state.

The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.