# Ex parte DEERE.

No. A-11514.   Jan. 31, 1951.

(227 P. 2d 420.)

W. L. Steger, Durant, for petitioner.

W. K. Baldridge, Dist. Atty. of Denton County, Tex., Denton, Tex., for respondent.

JONES, J.   This original action in habeas corpus was instituted by the petitioner, Hubert A. Deere, to se-

cure his release from confinement in the county jail of Bryan county where he is held awaiting extradition to Denton county, Texas to face a criminal action there pending against petitioner.

At the hearing before this court no attack was made upon the sufficiency or legality of the extradition papers which were used as a basis to secure the Governor's warrant. Although the verified petition makes an attack upon the extradition proceedings and alleges that there is no valid charge or indictment filed against petitioner in the State of Texas, there was no attempt to sustain such allegations at the time of the hearing but petitioner sought his release upon the sole ground that the prosecution in the State of Texas was not in good faith but was an attempt of the complaining witness, J. C. Earles, to gain a private advantage and personal gain as a result of a series of business transactions had over a period of several years with the petitioner.

Prior to the institution of this action a hearing was held in the district court of Bryan county and testimony was taken concerning the alleged bad faith of the prosecution in Texas, but at the conclusion of the hearing the writ of habeas corpus was denied. A transcript of the evidence taken before the district court of Bryan county was offered in evidence at the hearing before this court in support of the contention of petitioner that the prosecution was in bad faith. Upon proper objection being interposed the offer was refused.

In Ex parte Scott, 91 Okla. Cr. 345, 219 P. 2d 249, this court stated:

"To be a 'fugitive from justice' within the meaning of the federal law dealing with extradition, it is sufficient that person legally charged in demanding state with

commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made.

"Under provisions of the Uniform Criminal Extradition Act, House Bill No. 37, approved by Governor on March 25, 1949, 22 O.S. Supp. § 1141.1 et seq., the courts of Oklahoma may not inquire into the guilt or innocence of person seeking release from custody under extradition warrant or make any inquiry into the motives or purposes of the prosecution.

"Where extradition papers required by statute are in proper form and extradition warrant has been issued by the Governor, the only evidence admissible on habeas corpus to secure release from custody under the warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was allegedly committed, or that the person sought to be extradited is not actually the person charged with the crime in the demanding state."

We adhere to that ruling. The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J, concur.