# Ex parte BEAM.

No. A-11864. Dec. 24, 1952.

(252 P. 2d 179.)

Orval Grim, Sayre, O. E. Enfield, Arnett, for petitioner.

Mac Q. Williamson, Atty, Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an action in habeas corpus instituted by C. R. Beam to secure his release from imprisonment in the county jail by the sheriff of Ellis county at Arnett, where he is being confined pursuant to an extradition warrant issued by the Governor of Oklahoma directing that he be extradicted to the State of Kansas to answer a charge of an alleged felony there pending against him in Franklin county.

The petitioner contends that the prosecution in the State of Kansas for uttering a false and bogus check was in bad faith and for the sole purpose of trying to collect a debt.

In Ex parte Scott, 91 Okla. Cr. 345, 219 P. 2d 249, this court held:

"To be a 'fugitive from justice' within the meaning of the federal law dealing with extradition, it is sufficient that person legally charged in demanding state with commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made.

"Under provisions of the Uniform Criminal Extradition Act, House Bill No. 37, approved by Governor on March 25, 1949, 22 O.S. Supp. § 1141.1 et seq., the courts of Oklahoma may not inquire into the guilt or innocence of person seeking release from custody under extradition warrant or make any inquiry into the motives or purposes of the prosecution.

"Where extradition papers required by statute are in proper form and extradition warrant has been issued by the Governor, the only evidence admissible on

habeas corpus to secure release from custody under the warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was allegedly committed, or that the person sought to be extradited is not actually the person charged with the crime in the demanding state."

See, also, Ex parte Birch, 89 Okla. Cr. 417, 209 P. 2d 510; and Ex parte Bledsoe, 93 Okla. Cr. 302, 227 P. 2d 680.

Under the above decisions this court refused to hear evidence which questioned the motives of the prosecution. The proof introduced at the hearing showed that petitioner was in the State of Kansas at the time of the commission of the alleged offense and did execute the check in question. If petitioner had wished to question the good faith of the prosecution he should have done so at the hearing before the Governor prior to the issuance of the Governor's warrant. After the extradition warrant was issued by the Governor, under the provisions of the Uniform Criminal Extradition Act, 22 O.S. 1951 § 1141 et seq., the Legislature has forbidden an inquiry by the courts of Oklahoma into the motives or purposes of the prosecution in the demanding state.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.