In re Habeas Corpus of James TUCKER, Petitioner,

Jim Kindred, Jr., Sheriff of Pittsburg County, Oklahoma, Respondent.

No. A–13397.

Court of Criminal Appeals of Oklahoma.

July 17, 1963.

**414**

Robert A. Layden, McAlester, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Richard Penix, County Atty., and J. Edwin Carman, Asst. Co. Atty., Pittsburg County, McAlester, for respondent.

JOHNSON, Judge.

This is an original action instituted by the petitioner, James Tucker, in which he alleged that he was unlawfully imprisoned at McAlester, Oklahoma by the Sheriff of Pittsburg County, pursuant to a hold order from the State of Tennessee. That he was formerly an inmate of the State Penitentiary of Oklahoma, and was notified on May 6, 1963 that the State of Tennessee was making demand that he be returned to the State of Tennessee. That he was asked to waive extradition, which he refused to do. That on June 6, 1963 petitioner finished serving his term in said penitentiary, and that the State of Tennessee had failed to execute extradition papers, but petitioner was turned over to the respondent herein, and was illegally and unlawfully restrained in the county jail of Pittsburg County. That on June 7, 1963 petitioner filed a petition for writ of habeas corpus in the district court of Pittsburg County, and subsequent to the filing of said petition, he was taken before a justice of the peace wherein he was committed to the county jail for 30 days, and was denied the right of bail. That on

June 11 hearing was had on petitioner's application for writ of habeas corpus in the district court of Pittsburg County, at which time he was notified of the demand made for his surrender upon a requisition of the Governor of the State of Tennessee by reason of a warrant issued by the Governor of the State of Oklahoma, and writ was denied. That at said time petitioner made demand for an attorney and time to file his petition for writ of habeas corpus in this Court, which was granted, and bail in the sum of $2500 was allowed.

Petitioner further complained that he had not been given an opportunity to inspect the warrant issued by the Governor of Oklahoma, and the supporting documents.

Petitioner also alleged that the State of Tennessee had notice of his impending release from the Oklahoma State Penitentiary more than thirty days prior to his actual release on June 6, 1963, and said State had failed and neglected to make requisition for his custody as required by law.

Petitioner's prayer was that he be restrained by the sheriff of Pittsburg County, and not surrendered to any other authority until the final determination of this matter.

The response shows that prior to the hearing on the petition for habeas corpus in the district court of Pittsburg County on June 11, 1963, respondent served the Governor's warrant on the petitioner, granting extradition to the State of Tennessee, where petitioner was charged with escaping jail, and that on June 13, 1963 petitioner posted bail required by the district court and was released from custody.

The petitioner testified at the hearing before this Court, and at the conclusion of the hearing the writ of habeas corpus was denied. Petitioner was delivered to the Agency of the State of Tennessee, and has been transported to that State to await action therein, and this opinion is rendered in conformity to that ruling.

At the hearing before this Court petitioner did not deny that he had escaped jail in the State of Tennessee, but claimed that he had not been given an opportunity to make a careful inspection of the warrant issued by the Governor of Oklahoma, and the supporting documents accompanying the demand therefor; and complained that the State of Tennessee had been dilatory in procuring the extradition papers.

From the evidence before us, it appears that the petitioner herein had been convicted of a crime in the State of Tennessee, and thereafter escaped from jail.

We hold that the petitioner was entitled to inspect the Governor's warrant, and the papers that accompanied the demand therefor, and that it was incumbent upon the County Attorney of Pittsburg County to see that the petitioner and his attorney were given this opportunity to inspect, not only the Governor's warrant but the supporting documents presented to the Governor of the State of Oklahoma, when request therefor was made at the hearing on the petition for writ of habeas corpus in the district court of Pittsburg County. This privilege, we find, was accorded the petitioner and his attorney, who thereupon claimed that the charge by the State of Tennessee was duplicitous.

In Ex parte Bishop, 85 Okl.Cr. 46, 184 P.2d 805, we held:

"In habeas corpus proceeding, seeking release from custody on warrant of extradition, the courts may look into the papers before the Governor and determine whether upon their face a crime is charged; but, beyond this the Court cannot go in determining the fact of the petitioner's guilt or innocence."

The Court has the duty to look behind the Governor's warrant regarding the charges pending against the petitioner, but when it is shown that a person is in due and legal form charged with a crime in one state, and that he was corporeally present in that state at the time of the commission of the crime charged, it is then conclusively established that such person is a fugitive from justice within the meaning of the Uniform Criminal Extradition Act, and this Court

does not have the right to inquire further into the proceedings of the demanding state. Ex parte George, 63 Okl.Cr. 115, 73 P.2d 471; Ex parte Bishop, supra, and cases cited.

In People ex rel. Borelli v. Sain, 16 Ill. 2d 321, 157 N.E.2d 417, one Frank Borelli was arrested in Cook County, Illinois upon an extradition warrant issued by the Governor of Illinois upon demand of the Governor of New Jersey, the warrant reciting that Borelli was under indictment in New Jersey for the crimes of conspiracy, possession and selling narcotics, and keeping and maintaining a common nuisance in New Jersey "on divers days and times." The judgment quashing the writ of habeas corpus and remanding the petitioner to the State of New Jersey was upheld and affirmed.

■ As to the State of Tennessee being dilatory in securing the Governor's warrant, the petitioner was released from the Oklahoma State Penitentiary on June 6, 1963, and the Governor's warrant was served on him on June 11, 1963, and we consider that question moot at this time.

■ In Ex parte Birch, 89 Okl.Cr. 417, 209 P.2d 510, quoting from Ex parte Patrick, 86 Okl.Cr. 61, 189 P.2d 420, this Court said:

"When extradition papers required by statute are in proper form, only evidence admissible on habeas corpus to secure release from custody under warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was alleged to have been committed, or that prosecution was not brought in good faith, 18 U.S.C.A. § 662; U.S.C.A. Const. art. 4, § 2, cl. 2.

"To be a 'fugitive from justice' within meaning of federal law dealing with extradition, it is sufficient that person legally charged in demanding state with commission of crime within such state when sought to be subjected to its criminal process for the offense, has left its jurisdiction and is found within the jurisdiction of asylum state upon whose executive requisition is made. 18 U.S.C.A. § 662.

"In habeas corpus proceeding seeking release from custody under warrant of extradition, there is a strong presumption that the prosecution in the demanding state is in good faith and in order to overcome this presumption, the proof on behalf of the petitioner must be clear, convincing, and without doubt.

"Criminal Court of Appeals will not weigh the evidence nor determine the question of the guilt or innocence of an individual held in custody under warrant of extradition, where it is shown that he is legally charged with the commission of a crime in the demanding state and that he was corporeally present in that state at the time of the alleged commission of the crime charged."

■ There is no evidence herein that the prosecution in the State of Tennessee was in bad faith, or maliciously inspired.

Among other provisions of the Uniform Criminal Extradition Act (22 O.S.A. § 1141.20) it is provided:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceedings after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime."

The writ of habeas corpus is denied.

BUSSEY, P. J., concurs.

NIX, J., not participating.