In re Habeas Corpus of Roy HARRELL.

No. A–14031.

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1968.

**290**

Gene M. Gardner, Duncan, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Joseph H. Humphrey, Dist. Atty., for respondent.

BRETT, Judge:

This is an original habeas corpus proceeding in which the petitioner, Roy Harrell, is seeking issuance of the writ of habeas corpus to prevent his being extradited to the State of Texas, to face charges of "Theft of Property of over the Value of Fifty Dollars", which resulted from a grand jury indictment returned by the Stonewall County grand jury.

The facts briefly stated are: Prior to the time the Texas indictment was returned petitioner was engaged in the used car business in Duncan, Oklahoma. Over a period of time several automobiles were received by petitioner from Mason Chevrolet Co. in Aspermont, Texas, to be sold in Oklahoma by petitioner. J. T. Boyd worked for Mason Chevrolet Co. and made the arrangements for sale of the autos. After petitioner closed his used car business, J. T. Boyd was required to come to Oklahoma and recover the cars which petitioner was attempting to sell. Boyd recovered all of the cars except one 1960 Chevrolet pick-up truck, No. CC144K–130–671, which Boyd claims belonged to him and not to the Mason Chevrolet Co. That pick-up truck, which was not found became the basis for the Texas grand jury indictment returned against petitioner.

· Boyd testified at the District Court hearing that petitioner came to Aspermont, Texas, on July 16, 1965, took delivery of the pick-up truck, and gave him a check for $550.00. The check was subsequently returned to Boyd marked "account closed." Boyd's deposition was taken by agreement on the day preceding the habeas corpus hearing, in the District Court of Stephens County. Petitioner offered parts of Boyd's deposition into evidence, but the State introduced the entire deposition into the District Court record. Thereafter issuance of the writ of habeas corpus was denied in the District Court and petitioner filed his original petition in this Court.

The rule relative to habeas corpus proceedings in this State has long been as stated in Ex parte Jackson, 97 Okl.Cr. 289, 262 P.2d 722 (1953):

"Where extradition papers * * * are in proper form and extradition warrant

has been issued by Governor, and extradition is not based on [section 1141.6 of Title 22 Okl.St.Ann.], the only evidence admissible on habeas corpus to secure release from custody under warrant of extradition is such as may tend to prove that defendant was not in demanding state at time crime was allegedly committed or that person sought to be extradited is not actually person charged with crime in demanding state." See also: Ex parte Beam, 96 Okl.Cr. 207, 252 P.2d 179 (1953).

In the instant case, there is no question concerning the identity of the petitioner, as being the person charged in the Texas indictment. Therefore, the sole question to be resolved concerns whether or not petitioner was in the State of Texas on the date of the alleged crime.

■ In Ex parte Chase, 84 Okl.Cr. 159, 180 P.2d 199, this Court recited:

"Conclusive proof that accused was not in demanding state at time crime is alleged to have been committed is necessary to entitle him to release from custody under extradition warrant on ground that he is not a fugitive from justice and, if testimony is in conflict as to whether accused was in demanding state at such time, writ of habeas corpus will be denied and accused remanded to custody of agent of demanding state." See also Ex parte Crawford, post.

■ However, this Court provided in Ex parte Crawford, Okl.Cr.App., 342 P.2d 580, 584, while quoting with approval the statement found in 39 C.J.S. Habeas Corpus § 39, p. 558:

"The court will not discharge a defendant arrested under an extradition warrant where there is merely contradictory evidence on subject of presence in, or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of accused. If, however, it clearly appears that accused is not in fact a fugitive, discharge will

not be refused simply because there is some conflict in the evidence."

The record before the Court discloses that J. T. Boyd testified that petitioner was in Aspermont, Texas, on the date of the alleged crime. In contrast, Petitioner testified that he was not in Texas on the alleged date which clearly provides a conflict in the evidence.

In an effort to corroborate his contention that he was not in Texas on that date and that Boyd delivered the truck to Duncan, Oklahoma petitioner offered the testimony of several witnesses. However, the testimony of the first two witnesses only supports petitioner's claim that Boyd delivered the pick-up truck to Duncan on July 5th or 6th, but neither witness was able to testify that petitioner was not in Texas on July 16. Mr. Harry Jones testified that he saw the petitioner in petitioner's home near Duncan about nine or ten o'clock the night of July 16, but this witness was not able to offer any clarification as to petitioner's whereabouts during that day or that he had been in Texas earlier that day. The owner of the garage, where the pick-up truck was repaired, testified that he knew the truck was repaired at his garage; he verified certain work orders on the truck, and said the last time he saw it was on July 20th when someone drove it away.

■ As we review the record, there is not sufficient clear and convincing evidence to overcome the conflict created concerning petitioner's presence in Texas on July 16, 1965. In the absence of such clear and convincing evidence, we have no alternative but to deny petitioner's petition for writ of habeas corpus.

■■ It should be pointed out that most of the testimony offered by petitioner at his district court hearing concerned petitioner's alibi, and his defense that J. T. Boyd delivered the truck to Duncan, Oklahoma, instead of petitioner's going to Texas to get it. But in this habeas corpus proceeding, as was also true in the District Court hearing, the Court is not concerned with petitioner's defense or alibi, because

those are facts to be considered by the trial court in Texas. Likewise, the petitioner's attempt to attack the extradition proceedings on the theory of the demanding state's "bad faith," and that the prosecution is entered for the purpose of collecting a debt are both without merit.

We are therefore of the opinion that the request for writ of habeas corpus should be, and the same is therefore, denied.

Writ denied.

NIX, P. J., and BUSSEY, J., concur.